NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—November, 1886.

## MATTER OF BLANCK.

*In the matter of the estate of* AARON P. BLANCK, *deceased.*

Testator, by his will, gave " the rents, interest and entire income," of his estate to his wife during widowhood ; expressed a desire that she and their son should have a home together ; and authorized and directed the executors, in case the entire income proved insufficient to the comfortable support and maintenance of his wife, or of herself and son if residing together, to pay and advance out of the principal of his estate such sums as were requisite for the purpose mentioned.—

*Held,* that the ordinary rule which requires a trustee to exert himself equally for the protection of life tenant and remainderman, and to see that, at the death of the former, the latter should come into possession of all the property from which the former had derived income was inapplicable ; and, the son having died, that the entire estate must be exhausted, if necessary for the comfortable support and maintenance of the widow.

PETITION by decedent's widow for the payment of

money alleged to be due and payable to her under decedent's will.

GWILLIM & MEYERS, *for petitioner.*

MANLEY A. RAYMOND, *for administratrix.*

THE SURROGATE.—It was clearly the intention of this testator to provide, at all events and under all circumstances, for the comfortable support of his wife so long as she should remain his widow. He gives her by the first clause of his will "the rents, interest and entire income" of all his estate, real and personal, after payment of his just debts and funeral expenses, to have, use and enjoy the same as long as she shall remain his widow. And he adds: "It is my desire that if during the life of my wife she and my son" (referring to his son Aaron, who has since deceased) "shall have their home together, and if the entire income of my estate shall prove insufficient to the comfortable support and maintenance of my said wife (or of both, if my wife and son continue to reside together), then I *authorize and direct* my said executors, from time to time, to pay and advance to my said wife, out of the principal of my estate, such sum or sums of money as may be requisite or proper to provide for her or them such comfortable support and maintenance. The above provision for my wife shall be in lieu and in bar of dower and all other claims of hers upon my estate."

It is a familiar rule of law, that, as between life tenant and remainderman under a will, the burden of taxes and repairs must ordinarily be borne by the

former. Counsel for the respondent in this proceeding insists that the petitioner is entitled under her husband's will, not to the gross income of his estate, but to the surplus of such gross income above the customary charges. Whether this interpretation of the will is sound or unsound is not material to the present inquiry, unless the gross income is discovered to be more than sufficient for the widow's comfortable support and maintenance; for if the net income is inadequate, the widow has an absolute right under the will to insist upon the depletion of the *corpus* of the estate to supply the deficiency. There is no room for doubt that the testator intended that his widow should continue after his death to be provided with a *home* as comfortable and as much to her liking and as suitable to her wants as the one which she enjoyed in his lifetime. He pledged his entire estate, income and principal, to the accomplishment of that object. A part of that estate at the time of his death consisted of leasehold property whose value, as he must have known, would in the course of years be extinguished. It is fair to suppose that this knowledge of the possible diminution of income in the life of the widow was one of the chief reasons why he instructed his executors to resort, in a certain contingency, to the *corpus* of the estate for the widow's benefit.

In providing for his son and for the children of his son in the event of their father's death, he does not, as the respondent's counsel claim, devise and bequeath the remainder after a mere life estate; he devises and bequeaths only such part of his possessions as may be left at the widow's death, after every penny needed

for her comfortable support and maintenance has been devoted to that purpose. The claims of the respondent's children are clearly subordinate to those of the petitioner; and the ordinary rule of law which requires a trustee to exert himself equally to protect the tenant for life and the remaindermen, and to see to it that at the death of the former the latter shall come into possession of all the property from which the former had derived income, is not applicable to the case in hand. If the comfortable support and maintenance of this petitioner cannot be secured without devoting the entire estate to her uses, the entire estate must be exhausted in her behalf.

John W. Blanck, a nephew of the testator, formerly filed his account as such in 1885. That account shows that from the death of her husband until June, 1878, Mrs. Blanck received from the estate $6,448, or at the rate of nearly $1,300 per year. From June, 1878, to June, 1885, she received $3,332.50, or at the rate of about $475 per year. She should not be stinted to this amount nor be compelled to regulate her mode of life according to the standard which the administratrix seeks to apply.

I strongly intimated, in my memorandum of July 2d, that I might have refused to grant this respondent letters, if I had felt at liberty to do so under the law. There seemed to me reason to apprehend that the petitioner would not receive at her hands the consideration to which she is entitled under the will. The evidence now before me shows that my apprehensions were not without substantial foundation. The course which the administratrix has pursued has

made it necessary for the petitioner to procure the services of counsel to protect and secure rights which the respondent seems disposed to deny her.

A decree may be entered directing the payment to the petitioner of $325. Such portion of that sum should be paid out of income as the amount of income *now on hand* will justify; the remainder should be paid out of the principal. The decree must fix these sums definitely, and if counsel disagree in the premises their differences will be adjusted by the court. Counsel for the petitioner has suggested that she will be content for the future if she shall be permitted to continue in the occupancy of the premises now devoted to her use and shall receive the sum of $50 per month. It is not necessary, and perhaps not proper, to give any direction at present in this regard. But it is hoped that some agreement may be arrived at which will be satisfactory to all parties in interest and prevent useless and expensive litigation.